T.C. Summary Opinion 2002-20


UNITED STATES TAX COURT


ALCMENE AND PETER HALOFTIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5925-00S.                    Filed March 5, 2002.


Alcmene and Peter Haloftis, pro sese.

Richard A. Stone, for respondent.


GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax for 1998 of $4,315. The issues for decision are: (1) Whether petitioners are entitled to a student loan interest deduction, and (2) whether petitioners are subject to the alternative minimum tax. At the time the petition was filed, petitioners lived in Boyds, Maryland. Petitioners are husband and wife.

Alcmene Haloftis (Ms. Haloftis) is a chemical engineer with the U.S. Department of Labor, Office of General Industry Compliance. She holds a bachelor of science degree in chemical engineering from the University of Maryland, College Park, and a master of science degree in environmental engineering from George Washington University. At the time of trial, Ms. Haloftis had worked for the Department of Labor for approximately 12 years, including the year in issue. Mr. Haloftis, an electrical engineer, worked for MA Bioservices, Inc., in Rockville, Maryland, during the year in issue.

In 1998, petitioners paid $2,257.77 in student loan interest to the Student Loan Marketing Association. The underlying student loan was incurred for petitioners' continued education. The parties do not dispute the nature of this loan or the amount of interest paid during 1998.

In their timely filed 1998 joint Federal income tax return, petitioners claimed on their Schedule A, Itemized Deductions, a

deduction of $2,257.77 for student loan interest paid during 1998. Petitioners did not file Form 6251, Alternative Minimum Tax--Individuals, with their 1998 Federal income tax return.

In a notice of deficiency, respondent determined that petitioners were not entitled to the student loan interest deduction because they were not eligible for the deduction under section 221(b). Respondent further determined that petitioners were subject to the alternative minimum tax for 1998.

A deduction is allowed on interest paid by a taxpayer on any "qualified education loan" in the year paid. Sec. 221(a). A "qualified education loan" means any indebtedness incurred to pay qualified higher education expenses which are incurred by the taxpayer or the taxpayer's spouse, paid or incurred within a reasonable period of time before or after the indebtedness was incurred, and attributable to education during a period the recipient was an eligible student. Sec. 221(e)(1). Married taxpayers must file joint returns in order to qualify for the deduction. Sec. 221(f)(2). The maximum deduction allowed for tax year 1998 was $1,000. Sec. 221(b)(1).

For a moderate-income taxpayer the deduction for qualified education loan interest is phased out according to the taxpayer's modified adjusted gross income (modified AGI). Sec. 221(b)(2). The phaseout begins at a modified AGI level of over $60,000 for joint return filers. Sec. 221(b)(2)(B)(i)(II). The deduction is

completely phased out at a modified AGI level of $75,000 for joint return filers.  Sec. 221(b)(2)(B).

Petitioners contend that respondent improperly disallowed their education loan interest deduction because the "IRS treated the interest as a new loan and not a loan in the repayment stage".  We are unsure why petitioners make a distinction between a new loan and a loan in "repayment stage", but the distinction is irrelevant.  The limitations of section 221(b), entitled "Maximum Deduction", apply to all education loan interest deductions so long as the education loan is qualified and with respect to the first 60 months of repayment.  Sec. 221(d). Respondent does not contest that the loan payments were within the 60-month period.

Petitioners' next argument is that they are not subject to any limitation on the education loan interest deduction because "line 28 of * * * [Schedule A] states that if line 34 is over $124,500, your deduction is not limited."  Petitioners are misguided in this assertion.  Line 28 refers to the itemized deduction phaseout amount[1] and has no bearing on petitioners' entitlement to the education loan interest deduction.  Section

---

[1]    Sec. 68 establishes an overall limitation on itemized deductions.  For 1998, the phaseout begins at adjusted gross income of $124,500 for joint return filers.  Petitioners correctly assert, and respondent does not contest, that petitioners are not subject to the sec. 68 limitation on itemized deductions.

221(b) sets the deduction limit specifically on qualified education loan interest paid in 1998 at $1,000. Therefore, assuming all other requirements of section 221 are met, for petitioners' student loan interest of $2,257.77, they would be entitled to deduct only $1,000 as their education loan interest deduction. Sec. 221(b).

Respondent contends that petitioners are not entitled to the deduction because their modified AGI exceeds the phaseout amount of section 221(b)(2). We agree. For tax year 1998, petitioners reported an adjusted gross income of $99,213.90. Petitioners' modified AGI equals the adjusted gross income determined without regard to the deduction for the education loan interest. Sec. 221(b)(2)(C). For tax year 1998, petitioners' modified AGI was $101,471.67.[2] Because petitioners' modified AGI for 1998 is more than $75,000, we hold that interest paid on petitioners' qualified education loan is not deductible under section 221(b). Respondent is sustained on this issue.

Section 55(a) imposes an alternative minimum tax on noncorporate taxpayers equal to the excess of the "tentative minimum tax" over the "regular tax".[3] The alternative minimum

---

[2]    $99,213.90 (adjusted gross income) plus $2,257.77 (student loan interest) = $101,471.67.

[3]    For petitioners, the term "regular tax" means "the regular tax liability for the taxable year (as defined in sec.
                                                    (continued...)

tax is the amount in excess of, and in addition to, any regular tax owed.

The tentative minimum tax for noncorporate taxpayers is equal to 26 percent of so much of the taxable excess as does not exceed $175,000. Sec. 55(b)(1)(A)(i). The taxable excess is that amount by which the alternative minimum taxable income (AMTI) exceeds the exemption amount. Sec. 55(b)(1)(A)(ii). The exemption amount for married couples filing a joint return is $45,000. Sec. 55(d)(1)(A).

AMTI equals the taxpayer's taxable income for the year determined with the adjustments provided in section 56 and increased by the amount of tax preference items described in section 57. Sec. 55(b)(2). In calculating AMTI, no deduction is allowed for State and local income taxes paid and miscellaneous itemized deductions. Sec. 56(b)(1)(A). Also, no deduction for personal exemptions under section 151 is allowed. Sec. 56(b)(1)(E).

Petitioners did not file Form 6251 with their 1998 return. In computing petitioners' AMTI for the year in issue, respondent disallowed petitioners' deductions for taxes paid and for job expenses and other miscellaneous itemized deductions. We have reviewed respondent's computations of the alternative minimum tax

---

[3](...continued)
26(b))". Sec. 55(c)(1).

and find that they comport with the provisions of sections 55 and 56.  The following computation shows the proper amount of alternative minimum tax:

I.  Individual Income Tax Return - Form 1040

| | |
|---|---:|
| Adjusted gross income (Form 1040, lines 33/34) | [1]$101,471.67 |
| Less: Itemized deductions (Schedule A) | -43,819.43 |
| Balance (Form 1040, Line 37) | 57,652.24 |
| Less: Exemptions (Form 1040, Line 38) | -10,800.00 |
| Taxable income (Form 1040, Line 39) | 46,852.24 |
| Tax (secs. 1(a), 3(c)) | 7,620.00 |
| Regular tax (secs. 26(b)(1), (2)(A), 55(c)(1)) | 7,620.00 |

[1]This amount reflects the disallowance of petitioners' student loan interest deduction as discussed above.  $99,213.90 (petitioners' reported AGI) plus $2,257.77 (student loan interest = $101,471.67.

II.  Itemized Expenses - Schedule A

| | |
|---|---:|
| Taxes paid (Line 9) | $25,220.26 |
| Interest paid (Line 14) | +6,315.83 |
| Charitable contributions (Line 18) | +2,080.00 |
| Miscellaneous itemized deductions (Unreimbursed employee expenses) (Line 26) | +10,203.34 |
| Total itemized deductions | 43,819.43 |

III. Alternative Minimum Taxable Income

| | |
|---|---:|
| Taxable income (Form 1040, line 39) | $46,852.24 |
| Adjustments | |
|   Taxes | +25,220.26 |
|   Miscellaneous itemized deductions (Unreimbursed employee expenses) | +10,203.34 |
|   Exemptions | +10,800.00 |
|   Refund of taxes | -2,397.61 |
| Balance | 90,678.23 |
| Plus: Items of tax preference | -0- |
| Alternative minimum taxable income | 90,678.23 |

IV. Alternative Minimum Tax

| | |
|---|---:|
| Alternative minimum taxable income | $90,678.23 |
| Less: Exemption amount | -45,000.00 |
| Taxable excess | 45,678.23 |
| Times: Applicable AMT rate x 26% | |
| Tentative minimum tax | 11,876.34 |
| Less: Regular tax | -7,620.00 |
| Alternative minimum tax | 4,256.34 |

Petitioners' taxable income for 1998 was $46,852.24, the amount reported on line 39 of Form 1040.

As relevant herein, the adjustments provided in section 56(b) include the disallowance of the following: (1) Miscellaneous itemized deductions as defined in section 67(b); (2) taxes described in paragraph (1), (2) or (3) of section 164(a); and (3) personal exemptions defined in section 151. Secs. 56(b)(1)(A)(i) and (ii), (E). Any amount refunded by way of taxes paid that is includable in computing adjusted gross income is not subject to disallowance. See sec. 56(b)(1)(A).

After we take into account the foregoing adjustments, petitioners' AMTI for 1998 equals $90,678.23. AMTI exceeds the applicable exemption amount of $45,000 by $45,678.23. See sec. 55(d)(1)(C)(i). Petitioners' "tentative minimum tax" is therefore 26 percent of the excess, or $11,876.34. See sec. 55(b)(1)(A)(i)(I), (iii). Because petitioners' tentative minimum tax exceeds the regular tax of $7,620, petitioners are liable for the alternative minimum tax in the amount of the excess; i.e., $11,876.34 less $7,620, or $4,256.34. See sec. 55(a).

In view of the foregoing, we hold that petitioners are

liable for the alternative minimum tax.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.